# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

FRANK LEE FRANKLIN
ADC # 087441                                                                                    PLAINTIFF

V.                              2:09-cv-00161-BSM-JJV

T. CODY, Disciplinary Hearing Officer, East
Arkansas Regional Unit, Arkansas Dept. of Correction;
LATHAN ESTER, Disciplinary Hearing Officer, East
Arkansas Regional Unit, Arkansas Dept. of Correction;
GREG HARMON, Warden, East Arkansas Regional Unit,
Arkansas Dept. of Correction; JAMES GIBSON,
Disciplinary Hearing Administrator, East Arkansas
Regional Unit, Arkansas Dept. of Correction; and
LARRY NORRIS, Director, Arkansas Dept. of Correction                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff was charged with a major disciplinary on July 17, 2009[1] and requested two witnesses: Cpl. Adkin and Nurse Goodman (neither of whom are parties to this action). During the disciplinary process, Plaintiff alleges he was not allowed to call witnesses on his behalf and that hearing officers did not request that Cpl. Adkin provide a statement. Plaintiff

---

[1] Plaintiff's Complaint states "7-17-07"; however the remainder of the events are alleged to have occurred in 2009, suggesting that this 2007 date is simply a typographical error.

was convicted of the disciplinary and was sentenced to punitive isolation. The conviction has not been set aside on administrative appeal. By way of relief Plaintiff seeks monetary damages, restoration of his class status, and transfer from the East Arkansas Regional Unit to another prison. *See also* Doc. No. 7, Plaintiff's Motion for Restraining Order and Transfer.

The Court has carefully reviewed Plaintiff's Complaint (Doc. No. 2) and the Amended Complaint (Doc. No. 6) which he submitted at the direction of the undersigned, and concludes that he has failed to state a claim upon which relief may be granted. Accordingly, the Court recommends that Plaintiff's Complaint be dismissed, and that dismissal of this action constitute a "strike" under 28 U.S.C. § 1915(g).

## I. Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II. Facts and Analysis**

Plaintiff charges that he was denied "due process" in the conduct of his disciplinary hearing because he was not allowed to call witnesses in his defense. This case, however, really turns on the true essence of Plaintiff's claims and the nature of the relief he seeks. Plaintiff alleges he was damaged as a result of a faulty disciplinary conviction. He seeks compensatory and punitive damages and states, "Yes, whenever I go Class Four and 30 days punitive isolation it effect[s] my project[ed] release date and inevitably affect[s] the duration of my sentence." (Doc. No. 6 at 2). Thus, Plaintiff is really seeking damages for the imposition of discipline that included the loss of good time credits and his damage claim challenges harm caused by actions whose unlawfulness would render his disciplinary conviction and sentence invalid. Therefore, Plaintiff's Complaint must be dismissed because his claims are barred by three decisions of the United States Supreme Court – namely, *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Heck v. Humphrey*, 512 U.S. 477 (1994); and *Edwards v. Balisok*, 520 U.S. 641 (1997).

In *Preiser*, the plaintiffs/prisoners alleged, *inter alia*, that their constitutional right to due process had been violated during the course of prison disciplinary proceedings. *Id*. at 476. Accordingly, plaintiffs filed a civil rights action in which they sought a restoration of their good-time credit. *Id*. However, the Court concluded that plaintiffs could not sustain a civil rights action because, "[e]ven if the restoration of [good-time credit] would not have resulted in [the plaintiffs'] immediate release, but only in shortening the length of their actual confinement in prison, *habeas corpus* would have been their appropriate remedy." *Id*. at 487. The Court made clear that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id*. at 500.

In reaching its conclusion, the *Preiser* Court observed that plaintiffs "sought no damages, but only equitable relief – restoration of their good-time credits – and our holding ... is limited to that situation." *Id.* at 494. However, in *Heck,* the Supreme Court expanded its holding to cases in which the prisoner seeks only monetary damages. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the plaintiff was a state prisoner who alleged that his constitutional rights had been violated during the course of the criminal investigation and prosecution, which led to his conviction. *Id*. at 479. Unlike *Preiser*, the plaintiff in *Heck* sought damages rather than injunctive relief. *Id*. Nonetheless, the Court affirmed the dismissal of the plaintiff's action, finding that his claims effectively challenged the lawfulness of his conviction and confinement. *Id*. at 479-480, 483.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 486-87 [internal footnote omitted]. As a result, "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489.

In *Edwards*, the Court further expanded its holding to cases in which a prisoner challenged the result of a disciplinary proceeding. *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). The plaintiff/prisoner had been found guilty of rule violations in a prison disciplinary proceeding and his sentence included the forfeiture of good-time credit. *Id.* at 643. After exhausting his administrative appeals, the plaintiff filed a civil rights action in which he "requested a declaration that the procedures employed by state officials violated due process," as well as compensatory and punitive damages, and injunctive relief. *Id.* In his complaint, plaintiff specifically alleged that the prison official, who had served as a hearing officer during the disciplinary proceeding, had "concealed exculpatory witness statements and refused to ask specified questions of requested witnesses, ... which prevented

[the plaintiff] from introducing extant exculpatory materials and 'intentionally denied' him the right to present evidence in his defense... ." *Id*. at 644.

On appeal, the Supreme Court concluded that the plaintiff's civil rights claims were barred by *Heck*, because "[t]he principal procedural defect complained of"– that the plaintiff was denied the opportunity to present a defense, owing to the "deceit and bias of the hearing officer"– "would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." *Id*. at 646. As a result, the Court held that the plaintiff's "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decision maker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

In other words, where a prisoner alleges procedural flaws in a disciplinary proceeding, such claims are barred by *Heck*, whether for monetary or equitable relief, if those claims necessarily imply the wrongful deprivation of good-time credit. The United States Court of Appeals for the Eighth Circuit applied this principle more than ten years ago, in *Sheldon v. Hundley*, 83 F.3d 231 (8th Cir. 1996).[2] There, a prisoner was disciplined for submitting a letter to a prison publication, in which he made a derogatory remark about a prison warden. *Id*. at 232. As a result, the prisoner was sentenced to fifteen days of disciplinary detention, and forfeited sixteen days of good-time credit. The prisoner filed a civil rights action claiming that the prison officials who were involved in his disciplinary proceeding had

---

[2] The decision of the Eighth Circuit Court of Appeals in *Sheldon v. Hundley*, 83 F.3d 231 (8th Cir. 1996) preceded the Supreme Court's decision in *Edwards v. Balisok*, 520 U.S. 641 (1997), by one year. However, the *Sheldon* court correctly anticipated the Supreme Court's subsequent opinion in *Edwards*, and employed reasoning that was later validated by *Edwards*.

7

violated his First Amendment rights. On appeal, the Court affirmed the dismissal of the plaintiff's action, pursuant to the Supreme Court's reasoning in *Heck* that "a prisoner cannot bring a § 1983 claim challenging a disciplinary proceeding resulting in a loss of good-time credits before successfully invalidating the disciplinary ruling." *Id*. In its decision, the Court explicitly noted that *Heck* "applies whether the prisoner challenges a conviction imposing a sentence or a prison administrative ruling lengthening a sentence." *Id*. at 233, citing *Miller v. Indiana Dep't of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996).

The Court further rejected the plaintiff's argument that *Heck* barred the restoration of his good-time credit but not his separate claim for money damages. *Id.* Instead, the Court concluded that the plaintiff's First Amendment claims were "so entangled with the propriety of the disciplinary result, which triggered the loss of good-time credits, that ruling in [his] favor on First Amendment grounds would necessarily imply the invalidity of the disciplinary result and the lengthened sentence." *Id*. at 234. Given this conclusion, the Court held that the plaintiff's civil rights claim would not arise "until the state or a federal habeas court has invalidated the disciplinary result." *Id.* at 233, citing *Miller v. Indiana Dep't of Corrections*, *supra* at 331, and *Heck v. Humphrey, supra* at 489. Accordingly, the *Sheldon* court modified the dismissal of the plaintiff's claims to be without prejudice, so as "to permit [the plaintiff] to refile the action if the state or a federal habeas court invalidates the disciplinary ruling." *Id.*

The United States Court of Appeals for the Eighth Circuit reiterated this view more recently in *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002). There, the plaintiff was found

guilty in a prison disciplinary proceeding, and sentenced to 30 days in segregation, plus the forfeiture of 45 days of good-time credit. *Id*. at 1064. The prisoner filed a civil rights action claiming that prison officials had violated his constitutional rights to due process and equal protection during the course of his disciplinary proceeding. As relief, the plaintiff sought an "expung[ement] of the disciplinary conviction, restoration of his good time credits and all other privileges, suspension of his administrative segregation classification... and money damages." *Id.* at 1064-1065. On appeal, the Court concluded that the district court had properly dismissed the plaintiff's claim for a restoration of his good-time credit. *Id*. at 1066, citing *Preiser v. Rodriguez, supra*, and *Blair-Bey v. Nix*, 919 F.2d 1338, 1339 (8th Cir. 1990), *cert. denied*, 502 U.S. 899 (1991). The Court further affirmed the dismissal of plaintiff's claims for money damages, observing that:

> Under *Heck*, "we disregard the form of relief sought and instead look to the essence of the plaintiff's claims." *Sheldon [v. Hundley]*, 83 F.3d at 233. Because Portley-El seeks damages for the imposition of discipline that included the loss of good time credits, his damage claim challenges "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" and is *Heck*-barred.

*Id.* at 1067 [footnote omitted], quoting *Edwards v. Balisok*, *supra* at 486.

In *Portley-El*, the plaintiff had argued that *Heck* did not apply to his equal protection claim, "because equal protection focuses on discriminatory treatment, not on the process due in prison disciplinary proceedings." *Id.* However, the Court rejected that distinction as irrelevant and explicitly held that "[t]he rule in *Heck* covers any § 1983 claim that would 'necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.'" *Id.*, quoting *Heck v. Humphrey, supra* at 486. The *Portley-El* court

9

emphasized that "the relevant inquiry is not the constitutional underpinning of the inmate's § 1983 cause of action." *Id.* Instead, the court focused its inquiry on whether the plaintiff's claims, if proven, "would necessarily . . . render the disciplinary result invalid, including the loss of good time credits." *Id.*, citing *Edwards v. Balisok, supra* at 647.

Here, Plaintiff seeks a judgment which would invalidate the results of the disciplinary proceeding, restore his class status, and restore his good-time credit. The claim is barred by the United States Supreme Court's decision in *Preiser,* which held that a habeas proceeding is the exclusive remedy for challenging the duration of a prison term. *See also Portley-El v. Brill, supra* at 1066 ("[T]he Court held in *Preiser* that habeas corpus, not § 1983, is the exclusive federal remedy when a state prisoner seeks restoration of good time credits taken away by a prison disciplinary proceeding.").

Plaintiff also seeks compensatory and punitive damages, for the alleged violation of his due process rights, but those claims are also barred by *Heck* and *Edwards*. As a result, the Plaintiff's action is premature, because his civil rights claims will not arise, if at all, "until [he] has **successfully** challenged that discipline through habeas or some other proceeding." *Portley-El v. Brill*, *supra* at 1066 (emphasis added).

For these reasons, the Court recommends that Plaintiff's Complaint be dismissed, pursuant to Title 28 U.S.C. § 1915A(b), Title 42 U.S.C. § 1997e(c)(1), and Title 28 U.S.C. § 1915(e)(2)(B)(ii), and that dismissal of this action constitute a "strike" under 28 U.S.C. § 1915(g).[3] As a consequence, it is further recommended that all pending motions be denied

---

[3] Dismissals pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) are "strikes" for the purpose of § 1915(g), even though they are dismissals without prejudice. *Armentrout v. Tyra*,

as moot.

**III.    Conclusion**

IT IS THEREFORE RECOMMENDED that this action be DISMISSED and all pending motions be denied as moot, and that dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[4]

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 22nd day of December, 2009.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

175 F.3d 1023 (8th Cir. Feb. 9, 1999)(unpub. table op.)(citing *Rivera v. Allin*, 144 F.3d 719, 730-31 (11th Cir. 1998); *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462-64 (5th Cir. 1998)).

[4]Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted... ."